IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO,

        Plaintiff,

vs.                                                                     NO. 10-CV-1102 JEC/DJS

CLEARLEND SECURITIES f/k/a
WACHOVIA GLOBAL SECURITIES
LENDING f/k/a METROPOLITAN WEST
SECURITIE, L.L.C.; WACHOVIA BANK,
N.A.; and WELLS FARGO & COMPANY,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiff's Motion to Remand the Case to State Court and for Expenses Including Attorney's Fees*, filed December 20, 2010 (Doc. 8); *Defendants' Motion for Leave to Take Jurisdictional Discovery and for an Extension of Time to Respond to Plaintiff's Motion to Remand*, filed January 6, 2011 (Doc. 16); and *Defendants' Objection to Plaintiff's Notice of Completion of Briefing on Plaintiff's Motion to Remand to State Court*, filed January 26, 2011 (Doc. 26). The primary issues are: (i) whether Defendants' Notice of Removal ("Notice") is sufficient on its face to establish that Plaintiff is a citizen of New Mexico for purposes of diversity of citizenship; (ii) if the Notice is not sufficient, whether Defendants are entitled to conduct jurisdictional discovery in this Court before responding to Plaintiff's Motion to Remand; and (iii) if federal jurisdiction is not present and the case must be remanded, whether Plaintiff is entitled to its costs and attorney fees related to the removal. Having reviewed the pleadings, the governing authority, and being otherwise fully advised, the

Court finds the Notice itself insufficient to establish federal diversity jurisdiction, because it does not state facts sufficient to support a finding that Plaintiff Public Employees Retirement System ("PERA" or "Plaintiff") is a citizen of New Mexico where PERA is a state-created retirement association.  Next, the Court determines that Defendants are not entitled to pursue discovery in this Court in an effort to uncover facts supporting federal jurisdiction because, although discovery may be permitted where facts pertaining to jurisdiction are in dispute, there are no facts alleged in the Notice that are disputed.  Instead, the undisputed facts required fleshing out through discovery in state court.  Finally, given the language in Plaintiff's Complaint, the Court is not prepared to say there was no "objectively reasonable" basis for the premature removal and will, therefore, deny Plaintiff's request for fees and costs.

## I.      Background

On October 20, 2010, PERA filed this action in the First Judicial District Court, County of Santa Fe, New Mexico, asserting claims sounding in breach of contract and breach of fiduciary duty.  *See* Complaint.  On November 18, 2010, Defendants Clearlend Securities f/k/a Wachovia Global Securities Lending f/k/a Metropolitan West Securities, L.L.C. ("Clearlend"); Wachovia Bank, N.A. ("Wachovia"); and Wells Fargo & Company ("Wells Fargo") (collectively, "Defendants") removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Notice ¶ 4.  In support of federal jurisdiction, Defendants state in pertinent part:

> At the time of the commencement of this action and the filing of the Complaint, Plaintiff was, and still is, an entity organized under the laws of the state of New Mexico with its principal place of business located in New Mexico.

Notice ¶ 5.  Defendants also aver that this Court would have had original jurisdiction over this

action "in that it is a civil action between citizens of different states," and conclude that "all jurisdictional requirements established by 28 U.S.C. § 1332" are present, the requirements of 28 U.S.C. §§ 1441 and 1446 have all been met, and removal is therefore proper. Notice ¶ 10, at 2-3; 4.

On December 20, 2010, PERA filed its Motion to Remand ("Motion"). Plaintiff asserts that public retirement associations like itself are invariably determined to be arms of the state and, therefore, not "citizens" for purposes of diversity. Plaintiff contends the case must be remanded and that jurisdiction is so plainly absent on the face of the Notice that it is entitled to recover all costs and fees associated with Defendants' improper removal. To its Motion, Plaintiff attaches (1) a Declaration of Rebecca M. Katz, Bernstein Liebhard, LLP, New York, New York, in support of the Motion; (2) Ms. Katz' December 1, 2010 letter to defense counsel requesting voluntary remand (stating, in pertinent part, that "PERA is an arm of the state of New Mexico; it is not a 'citizen' of that state," setting forth the applicable fact-bound inquiry and applicable law for determining when an entity is an "arm of the state," identifying that Defendants' Notice fails to allege facts sufficient for the Court to make the necessary jurisdictional determination, and asserting there is a lack of "objectively reasonable basis for removal"), and (3) Defendants' response letter declining to agree to remand or amend its Notice. *See* Doc. 8-1; Motion, Exs. 2, 3.

In lieu of a response to Plaintiff's Motion, on January 6, 2011, Defendants filed their Motion for Leave to Take Jurisdictional Discovery and for an Extension of Time to Respond to Plaintiff's Motion to Remand (Doc. 16) and Memorandum in Support (Doc. 17), requesting ninety days to conduct jurisdictional discovery in this Court and an additional fourteen days beyond the close of that discovery to respond to Plaintiff's Motion.

The Court had not ruled on Defendants' Motion for Discovery as of January 17, 2011, the due date for Defendants' response to Plaintiff's Motion absent relief from the Court.  On January 24, 2011, Plaintiff filed its Notice of Completion of Briefing on Plaintiff's Motion to Remand (Doc.  24), which drew Defendants' Objection to Plaintiff's Notice of Completion of Briefing on Plaintiff's Motion to Remand to State Court (Doc.  24), wherein Defendants again assert that they are "in need of and entitled to" jurisdictional discovery in this Court and that, without permitting discovery, "the Court cannot properly determine its jurisdictional obligations."  Doc.  26 ¶ 2.

## II. Legal Standards

### A. Removal

Removal of a case from state to federal court is proper only if the complaint could originally have been filed in federal court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), a federal district court enjoys original subject-matter jurisdiction over a case when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

"Statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)).  "All doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

When analyzing notice required under § 1446(b) to trigger the time limit for removal, the Tenth Circuit has held that "[i]f the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Circuit 1979). "The removal period does not begin until the defendant is able "to intelligently *ascertain* removability so that in his petition for removal he can make a simple and short statement of facts." *Id.* (emphasis added). To "ascertain" means "to....learn with certainty." *Id.* Hence, the word "ascertained" as used in section 1446(b) "means a statement that 'should not be ambiguous.'" *Akin v. Ashland Chem. Co.*, 156 F. 3d 1030, 1035 (10th Cir. 1998) (quoting *DeBry*, 601 F.2d at 490). The Tenth Circuit expressly "disagrees with cases from other jurisdictions which impose a duty to investigate and determine removability when the initial pleading merely indicates that the right to remove *may* exist." *Id*. at 1036 (emphasis in original). Instead, the Tenth Circuit "requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *Id*.

    **B.**    **Remand**

28 U.S.C. § 1447 governs remand after removal. Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State may thereupon proceed with such case.

28 U.S.C. § 1447(a). *See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory provision[ ] governing remands of cases removed to federal court [is] 28 U.S.C. § 1447(c). . . ."); *RMP Consulting Group, Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 U.S. App. LEXIS

19246, 1999 WL 617690, at *4 (10th Cir. 1999)(applying 28 U.S.C. § 1447(a)).

      **C.**    **Costs and Fees**

28 U.S.C. § 1447(c) allows for a district court to require payment of costs and actual expenses, including attorney's fees, where a defendant has improperly removed a case to federal court. The United States Supreme Court has clarified the limitations on the courts' discretion to award costs and fees, dictating that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005).

**III.**    <u>**Analysis**</u>

      **A.**    **The Court Will Remand the Case Without Jurisdictional Discovery in this Court Because Defendant's Notice of Removal is Premature and Raises no Questions of Fact**

A notice of removal must generally be filed within thirty days after the defendant receives a copy of the initial pleading. *See* 28 U.S.C. § 1446(b). However, "[if] the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first *ascertained* that the case is one which is or has become removable . . . ." *Id.* Failure to file notice of the removal within the time set forth in § 1446(b) constitutes a defect in removal procedure, warranting a remand. *Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999).

Plaintiff asserts that Defendants' Notice is deficient on its face because it does not state facts sufficient to establish that PERA is a "citizen" of New Mexico for purposes of diversity jurisdiction. Mot. at 6 ("For over a decade, courts have agreed that state public retirement

systems such as PERA are arms of the state and not citizens"). Defendants, on the other hand, take the language in their Notice directly from Plaintiff's Complaint and contend that it does, standing alone, create a possible basis for removal such that service of the Complaint began the 30-day time in which they were required to file their Notice. Accordingly, Defendants contend they had no choice but to remove the case before they could obtain any discovery in state court, lest they forfeit their opportunity for removal. Defendants believe they are now entitled to "jurisdictional discovery" in this Court before the Court can rule on Plaintiff's Motion for Remand. The Court disagrees.

Under the prevailing authority, the Court finds that Defendants' Notice does not state sufficient facts establishing the jurisdictional element of diversity, i.e., that Plaintiff is a citizen of the state of New Mexico. The relevant language in the Notice, taken directly from the Complaint, is that "Plaintiff is an entity organized under the laws of the state of New Mexico with its principal place of business located in New Mexico." This statement, without more, would prove sufficient to make a prima facie showing of diversity of citizenship for removal in many contexts. Yet it is well-settled law that neither a state nor an arm of a state is a "citizen" of any state, for purposes of the diversity-jurisdiction statute. *See Moor v. County of Alameda*, 411 U.S. 693 (1973). Unique to the backdrop of this case is the presence of overwhelming authority establishing that state pension programs have been found to be "arms of the state" by virtually every court considering that question.[1] In fact, a court in this district has already determined that

---

[1] *See Burrell v. Teacher's Ret. Sys. of Ala.*, 353 F. Appx. 182, 183 (11th Cir. 2009) (Teacher's Retirement System of Alabama); *Ernst v. Rising*, 427 F.3d 351, 359-61 (6th Cir. 2005) (Michigan's retirement system for state-court judges and state officials); *McGinty v. New York*, 251 F.3d 84, 96 (2nd Cir. 2001) (New York State and Local Employees Retirement System); *Fitzpatrick v. Bitzer*, 519 F.2d 559, 561 (2nd Cir. 1975), *aff'd in part, rev'd in part on other grounds*, 427 U.S. 445 (1976) (Connecticut's State Employees' Retirement System). *See, e.g.*,

two New Mexico state pension associations are arms of the state and not subject to diversity jurisdiction. *N.M. ex rel. Nat'l Educ. Ass'n of N.M. v. Austin Capital Mgmt. Ltd.*, 671 F. Supp. 2d 1248, 1252 (D.N.M. 2009) (holding that "there is no question that both the [State Investment Council of New Mexico] and the [Educational Retirement Board of New Mexico] are arms of the State rather than independent political subdivisions").

Accordingly, the Court finds that Defendants should have availed themselves of interrogatories in state court to enable them to conduct the familiar, four-part, fact-intensive analysis necessary to determine if removability existed before they filed their Notice of Removal, which the Court now finds premature.[2]

Relying for support on *University of Rhode Island v. A.W. Chesterton Co.*, 2 F.3d 1200 (1st Cir. 1993), Defendants also contend that Plaintiff has improperly allocated the burdens of

---

*W. Va. Inv. Mgmt. Bd. v. Residential Accredited Loans, Inc.*, No. 2:10-CV-00461, 2010 WL 3418314, at *5 (S.D.W. Va. Aug. 26, 2010) (West Virginia Investment Management Board); *Mo. State Employees' Ret. Sys. v. Credit Suisse, N.Y. Branch*, No. 09-4224-CV-C-NKL, 2010 WL 318652, at *6 (W.D. Mo. Jan. 21, 2010) (Missouri State Employees' Retirement System); *Cal. Pub. Emps. Ret. Sys. v. Moody's Corp.*, Nos. C 09-03628 SI, C 09-03629 JCS, 2009 WL 3809816, at *2-*8 (N.D. Cal. Nov. 10, 2009) (California Public Employees Retirement System); *JMB Grp. Trust IV v. Penn. Mun. Ret. Sys.*, 986 F. Supp. 534, 538 (N.D. Ill. 1997) (Pennsylvania Municipal Retirement System); *KPERS*, 982 F. Supp. at 809 (Kansas Public Employees Retirement System).

[2]To determine whether a state-created entity is an arm of the state, courts look to the factors that are applied when government entities assert sovereign immunity under the Eleventh Amendment. *See id.* As the District Court of New Mexico has explained, "the test for arm-of-the-state status versus political-subdivision status is the same whether the purpose of the inquiry is to decide the diversity-jurisdiction issue or an Eleventh Amendment immunity question." *Austin Capital*, 671 F. Supp. 2d at 1252. In the Tenth Circuit, "[t]his test asks whether a judgment against the particular entity would be payable by the state, and then examines the following additional factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf." *Austin Capital*, 671 F. Supp. 2d at 1252. (citing *Sturdevant v. Paulsen*, 218 F.3d 1160, 1165-66 (10th Cir. 2000)).

proof and production.  *See* Defendant's Reply in Support of their Motion for Leave to Take Jurisdictional Discovery and for an Extension of Time to Respond to Plaintiff's Motion to Remand ("Defendant's Reply") at 5-8.  There, the First Circuit Court of Appeals, having remanded the matter to the district court once for "supplementary factfinding" on jurisdiction, considered the status of a state university for purposes of diversity.  *Id.* at 1212.[3]  After exhaustive analysis, the First Circuit ultimately concluded "that the Rhode Island statutory scheme demonstrates that the Board, unlike more 'typical' state educational entities, possesses the essential attributes of operational and financial autonomy needed to qualify as a Rhode Island 'citizen' for diversity purposes." *Id.* at 1211.  In so holding, the court noted an "extraordinary measure of autonomy enjoyed by the Rhode Island Board of Higher Education." *Id.*

    Here, this Court's determination that the Notice is insufficient on its face will not, contrary to Defendants' assertion and the court's concern in *U.R.I*, have the far-reaching and chilling implication of requiring *all* removal notices based on diversity jurisdiction to state why *every* plaintiff is not an arm of the state.  *See* Defendant's Reply at 5.  What drives the Court's determination today is the nature of the Plaintiff/entity and the fact that nearly every court considering the question, including a federal court in the District of New Mexico, has determined that state retirement associations are "arms of the state," and not "citizens" of any

---

[3] Notably, the First Circuit Court of Appeals approved of the district court reserving its jurisdictional ruling until trial, yet also stated that it saw "no justification for requiring the removing party to resort to formal discovery before the opposing party with readier access to the evidence raises a specific dispute relating to a duly alleged jurisdictional fact" because "such a requirement would invite needless waste of judicial resources on a threshold issue which must be resolved as expeditiously as practicable." *U.R.I.*, 2 F.3d at 1214.  It is the same concern for wasted resources that occupies this Court.

state.  Moreover, Defendants themselves state that, "it cannot be disputed that the Complaint is – at best for Plaintiff – 'indeterminate' on its face as to diversity." *Id.*  While a fact-bound inquiry must be made to determine PERA's status, the Court believes the inquiry was properly made through discovery in state court prior to removal because, under the legal landscape in the Tenth Circuit, Defendants have not made a prima facie showing of jurisdiction.

Defendants also rely heavily on *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), when requesting jurisdictional discovery to develop factual support for their removal.  Motion for Discovery at 5.  In *McPhail*, the defendant's removal notice included factual allegations based on the complaint (pertaining to amount in controversy) as well as several written communications between the attorneys discussing that the damages "very well may be" more than $75,000.  *See id.* at 957.  The *McPhail* court held that the information provided, "which was presented to the district court with the notice of removal, [was] sufficient to support diversity jurisdiction."  *Id.*  In contemplating the availability of federal discovery had it been necessary in that case, the court stated that, under circumstances such as when there is no time for discovery in state court, discovery would be permissible.  *Id.* at 954.  The court also expressly declined to comment on when a district court might abuse its discretion in disallowing discovery.  *Id.*

Of particular relevance here is that the *McPhail* court did not actually pass on the question of whether discovery was permissible in that case, because the facts alleged in the removal notice were not contested as false and they established diversity jurisdiction.  *See id.*  Accordingly, where this Court has already determined that the stated facts are insufficient in the context of this case,  *McPhail* is distinguishable.  Where the *McPhail* court took the opportunity to discuss a discovery issue it did not have to resolve, it is dicta.  *See, e.g., Thompson v.*

*Weyerhaeuser Co.*, 582 F.3d 1125, 1129 (10th Cir. 2009) ("Dicta are statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand."). In sum, this Court will not permit discovery to flesh out undisputed and undeveloped facts on the "citizenship" of a state pension association, based on dicta pertaining to the possible availability of federal discovery to enable a theoretical plaintiff to establish *disputed* facts by a preponderance of the evidence once they have been challenged.

### B. The Court will not Award Attorney's Fees on Remand Because the Removal was not Objectively Unreasonable

Although the Court has determined that the Notice was premature, it is not willing to say that Defendants had no objectively reasonable basis for determining removal was proper under the circumstances. Indeed, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources" and should be deterred. *Martin v. Franklin Capital Corp.*, 546 U.S. at 140. On the other hand, "Congress' basic decision to afford defendants a right to remove as a general matter" should not be ignored. *Id.* The Court recognizes the plight of state court defendants who find themselves defending their removal timing either way, i.e., if they remove on the basis of slightly ambiguous pleadings, they find themselves defending claims of removal without sufficient basis, yet if they wait, they will likely face a challenge that the time began to run with the filing of the pleading and the post-discovery removal is untimely.

When exercising their discretion as to whether a plaintiff's fees and cost should be borne by an unsuccessful defendant upon remand, district courts may consider whether certain circumstances warrant a departure from the rule in a given case. *Id.* at 140. "For instance, a

plaintiff's delay in seeking remand *or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.*" *Id.* (emphasis added).  Here, although Plaintiff may not have affirmatively *failed* to disclose facts, Plaintiff does not state in its Complaint or other pleadings that it actually *is* an arm of the state, which supports the Court's decision not to shift the fee burden in this case.  All things considered, that the parties will shoulder their own expenses in this instance reflects a legitimate exercise of the Court's discretion, is faithful to the purposes of fee awards under § 1447(c), and is properly  "supported by [] circumstance[s] [] relevan[t] to the issue at hand." *Cement Div., National Gypsum Co.*, 515 U.S. 189, 196, n. 8 (1995).  *See also Fogerty v. Fantasy*, 510 U.S. 517, 534, n. 19 (1994).

**IV.**     **Conclusion**

The Defendants have not sufficiently alleged diversity of citizenship in their Notice of Removal, the removal was premature, and discovery is not permissible in this Court because no dispute exists regarding the facts as stated.  Further, the Court will not shift the burden of costs and fees related to the improper removal because it cannot say that Defendants had no objectively reasonable basis for removing.  In concluding, the Court notes its concern regarding the litigation tactics that appear to be at work on both sides of this matter.  Plaintiff seems to have (in)artfully drafted its Complaint so as to create a colorable argument that removal was untimely, regardless of whether it was attempted before or after discovery, while Defendants have, in turn, used the language in the Complaint to delay what may be inevitable litigation in state court.

WHEREFORE,

I.     **IT IS ORDERED** that *Plaintiff's Motion to Remand the Case to State Court and for Expenses Including Attorney's Fees*, filed December 20, 2010 (Doc. 8) is **GRANTED IN PART**

such that the case is hereby remanded to the First Judicial District Court of the County of Santa Fe, New Mexico and **DENIED IN PART** as to Plaintiff's request for attorney's fees and costs**;**

**II.    IT IS FURTHER ORDERED** that *Defendants' Motion for Leave to Take Jurisdictional Discovery and for an Extension of Time to Respond to Plaintiff's Motion to Remand*, filed January 6, 2011 (Doc. 16) is **DENIED**; and

**III.    IT IS FINALLY ORDERED** that *Defendants' Objection to Plaintiff's Notice of Completion of Briefing on Plaintiff's Motion to Remand to State Court*, filed January 26, 2011 (Doc. 26) are Overruled.

Dated July 18, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE